United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M/A-COM TECHNOLOGY SOLUTIONS, INC.,

        Plaintiff,

    v.

INTEGRATED SEMICONDUCTOR SERVICE, INC., *et al.*,

        Defendants.
_____/

No. C-15-2423 EMC

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

**(Docket No. 7)**

    Having considered Plaintiff M/A-COM Technology Solutions, Inc.'s ("MACOM") Ex Parte Motion for Temporary Restraining Order ("TRO"); Issuance of an Order to Show Cause Why a Preliminary Injunction Should not be Issued; Imposing a Constructive Trust; and Ordering an Expedited Deposition (the "Motion), and having held a noticed hearing on MACOM's application for TRO on June 5, 2015, in which Defendants, though notified, did not attend or appear, and good cause appearing therefor,

    IT IS SO ORDERED THAT:

    The Motion is granted in part.

    The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. *See Missud v. State of Cal.*, No. C-14-1503 EMC, 2014 U.S. Dist. LEXIS 73376, at *1 (N.D. Cal. May 28, 2014). The moving party must demonstrate that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of relief; (3) the balance of equity tips in its favor; and (4) the injunction is in the public interest. *See Beaty v.*

1  *Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555
2  U.S. 7, 20 (2008)).

3      MACOM has sufficiently met this standard. MACOM has adequately shown that it is likely
4  to succeed on the merits of the case. It has submitted evidence that MACOM mistakenly wired
5  more than $300,000 to Defendant Integrated Semiconductor Service, Inc. ("ISS"), *see* Aquino Decl.
6  ¶¶ 4, 9, and that ISS and its principal, Defendant Steven L. Collins, essentially conceded that they
7  were not entitled to those funds. *See, e.g.*, Aquino Decl. ¶ 8 (stating that counsel for Defendants
8  informed MACOM that they "would prefer to repay the funds in services to MACOM (which
9  MACOM had never requested) rather than returning the funds"); Holland Decl. ¶ 8 (stating that a
10 partial sum of $100,000 was returned).

11     Also, MACON has adequately established that it would suffer irreparable injury in the
12 absence of a TRO. "Although pure economic loss alone is not normally sufficient to the issuance of
13 a TRO, the possibility that a defendant will dissipate assets which could satisfy a judgment can
14 constitute irreparable harm." *Harley-Davidson Credit Corp. v. Monterey Motorcycles, Inc.*, No.
15 5:12-cv-01864 EJD, 2012 U.S. Dist. LEXIS 53192, at *7 (N.D. Cal. Apr. 16, 2012); *see also*
16 *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009) (stating that "[a] party seeking an asset
17 freeze must show a likelihood of dissipation of the claimed assets, or other inability to recover
18 monetary damages, if relief is not granted"). Here, MACOM has sufficiently demonstrated a
19 likelihood of dissipation of the funds at issue. There is evidence that the funds which were wired to
20 ISS on May 18, 2015, were – only some two weeks later – "now in the personal bank account of Mr.
21 Collins." Aquino Decl. ¶ 7. There is also evidence that, even though only a short period of time had
22 passed, ISS and/or Mr. Collins claimed an inability to return the money and wanted to pursue a
23 payment plan instead. *See* Holland Decl., Ex. A (letter from MACOM's counsel to defense
24 counsel). In addition, there is evidence that Defendants returned only $100,000, *see* Holland Decl. ¶
25 8, and that, only two and a half years ago, Mr. Collins had a federal tax lien exceeding $900,000
26 recorded against him. *See* Holland Decl. ¶ 12 & Ex. H.

27     The balance of equities tips in favor of MACOM. MACOM appears to be owed the money;
28 ISS, for no apparently good legal reason, refused to return the money to MACOM.

Accordingly, the Court hereby orders as follows:

Defendants Integrated Semiconductor Service, Inc. and Steven L. Collins (the "Defendants") and their agents, assigns or anybody acting on their behalf or in concert with them, are enjoined and restrained from withdrawing, transferring, or encumbering any funds in any bank account belonging to Defendants to the extent such action causes there to be less than $224,823.65 in available funds. All bank accounts belonging to or controlled by Defendants on which Integrated Semiconductor Service, Inc. and/or Steven L. Collins is a signatory or otherwise have withdrawal privileges are frozen in the amount of $224,823.65, and Defendants are prohibited from transferring, spending, encumbering, or otherwise disposing of the $224,823.65 belonging to MACOM.

No bond is required as Defendants are not likely to be harmed by being so enjoined.

Defendants are also ordered to appear on June 29, 2015 at 11:00 a.m. to show cause as to why a preliminary injunction should not issue (i) restraining and enjoining Integrated Semiconductor Service, Inc. and Steven L. Collins (collectively "Defendants"), and their agents, assigns or anybody acting on their behalf or in concert with them, from withdrawing, transferring, or encumbering any funds in any bank account belonging to or controlled by Defendants to the extent such action causes there to be less than $224,823.65 in available funds; (ii) freezing all bank accounts belonging to or controlled by Defendants on which Integrated Semiconductor Service, Inc. and/or Steven L. Collins is a signatory or otherwise have withdrawal privileges in an amount of $224,823.65; and (iii) prohibiting Defendants from transferring, spending, encumbering, or otherwise disposing of the $224,823.65 belonging to MACOM.  Defendants must file a written brief and any evidence in support of their position opposing a preliminary injunction by June 15, 2015, MACOM may file a reply to any filing of Defendants by June 22, 2015.

Steven L. Collins is ordered to appear for a deposition at the office of MACOM's attorneys at 400 Main Street, Suite 250, Los Altos, CA, within 5-10 days of service of notice of deposition; Mr. Collins shall appear with all documents showing what happened to the $224,823.65 in funds that MACOM mistakenly sent to an ISS bank account and which Collins' counsel has represented he took possession.  The scope of the deposition shall be limited to the merits of the complaint, what happened to MACOM's funds, and Defendants' finances.

The Court authorizes third-party subpoenas necessary to ascertain Mr. Collins's address, contact information, and whereabouts.

MACOM shall immediately serve a copy of this order on Defendants (to the best of its ability, *e.g.*, to Mr. Collins's e-mail address and to ISS at its business address, care of a high-level ISS officer) and file a proof of service to establish such. MACOM shall also notify Mr. Collins, by telephone, of the Court's ruling on this motion and the hearing date and briefing schedule for the preliminary injunction motion.

This order disposes of Docket No. 7.

IT IS SO ORDERED.

Dated: June 5, 2015

_____
EDWARD M. CHEN
United States District Judge

4