United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M/A-COM TECHNOLOGY SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTEGRATED SEMICONDUCTOR SERVICE, INC., *et al.*, <br><br> Defendants. | No. C-15-2423 EMC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Previously, the Court granted in part Plaintiff M/A-COM Technology Solutions, Inc.'s ("MACOM") motion for a temporary restraining order ("TRO") against Defendants Integrated Semiconductor Service, Inc. ("ISS") and Steven L. Collins. The Court thereafter granted MACOM's motion to modify the TRO. Currently pending before the Court is MACOM's motion for a preliminary injunction. To date, only Mr. Collins has made an appearance in this lawsuit.[1]

Having considered the papers submitted, as well as the oral argument of counsel, the Court hereby **GRANTS** MACOM's motion.

**I. DISCUSSION**

In order to obtain a preliminary injunction, the moving party must demonstrate that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of relief; (3)

---

[1] Based on information previously provided by MACOM, it appears that ISS is currently a suspended corporation. *See* Docket No. 8-4 (Holland Decl., Ex. D) (business entity detail from California Secretary of State). Mr. Collins confirmed such at his deposition. *See* Boennighausen Decl., Ex. 1 (Collins Depo. at 76).

the balance of equity tips in its favor; and (4) the injunction is in the public interest. *See Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

The Court previously held that MACOM had met this standard for purposes of a TRO, and nothing in the papers submitted by Mr. Collins changes this Court's assessment. For example, MACOM is likely to succeed on the merits because it has provided evidence that it mistakenly wired the money to ISS. Mr. Collins claims that MACOM "consented" to the giving of the money to ISS but, even if MACOM voluntarily wired the funds to ISS, it shortly thereafter claimed to ISS that a mistake had been made.

To the extent Mr. Collins argues that MACOM owes ISS at least some money,[2] that argument is weak for several reasons. First, although Mr. Collins claims that MACOM owes money to ISS, it is telling that the last time ISS provided services to MACOM was in late 2013 or early 2014, but ISS never invoiced MACOM for these services nor has ISS ever communicated to MACOM that it owed money for any services. Furthermore, no documents currently exist which support ISS's claim for $185,000; ISS and/or Mr. Collins would have to generate those documents. *See* Docket No. 25 (Holland Decl., Ex. 1) (Collins Depo. at 81, 110, 112); Boennighausen Decl. (Collins Depo. at 100-101, 109-10, 112). Under these circumstances, Mr. Collins's contention that MACOM owes ISS money is not credible.

Second, even if the Court takes into account the declaration submitted by Mr. Collins, he fares no better. According to the Collins declaration, ISS gave MACOM services for free and "needed/on hand parts" because MACOM was suggesting that it would make an expensive purchase of equipment from ISS. *See* Collins Decl. ¶ 9 (claiming that, "[f]or years [MACOM] has dangled a series of carrots before [ISS] with the prospect of huge contracts on expensive equipment they would purchase through me or [ISS,] [a]ll the time exploiting my reliance on this pending deal to receive non-reimbursed services and needed/on hand parts"). But notably Mr. Collins never states

---

[2] *See* Collins Decl. ¶ 8 ("I reasoned: just a minute; well the fact is, Plaintiff owes me money also, their [sic] on my list for collections, I had them slated for pursuit. . . . Since their outstanding monies was in my possession, this would save me considerable time. . . . It is my intention to repay them any money that is determined to be owed to them.").

1  that MACOM *promised* it would buy the equipment from ISS. If ISS chose to provide free services
2  to MACOM as an enticement to MACOM to do business, it cannot now belatedly seek to charge
3  MACOM because an unpromised deal never came to fruition.

4  Finally, and perhaps most importantly, the Court notes that, despite Mr. Collins's efforts in
5  his *papers* to challenge MACOM's right to the return of all money, at the *hearing*, his counsel
6  represented that Mr. Collins wanted to pay back all money to MACOM. In light of this concession
7  by Mr. Collins, it is clear that the likelihood of success weighs heavily in MACOM's favor.

8  In his papers, Mr. Collins protests still that MACOM will not suffer irreparable injury
9  without a preliminary injunction. However, he completely ignores the Court's analysis in
10 conjunction with the TRO – *i.e.*, that, "[a]lthough pure economic loss alone is not normally
11 sufficient to the issuance of a TRO, the possibility that a defendant will dissipate assets which could
12 satisfy a judgment can constitute irreparable harm." *Harley-Davidson Credit Corp. v. Monterey*
13 *Motorcycles, Inc.*, No. 5:12-cv-01864 EJD, 2012 U.S. Dist. LEXIS 53192, at *7 (N.D. Cal. Apr. 16,
14 2012). Mr. Collins fails to address at all the dissipation of assets that seems to have occurred.

15 Finally, in his papers, Mr. Collins contends that the balance of hardships tips in his favor
16 because, "[w]ithout the power to bank, [he] will be unable to earn a living and survive." Opp'n at 7.
17 This was also the primary argument that Mr. Collins advanced at the hearing.[3] While the Court is
18 not without some sympathy for Mr. Collins, it concludes that there is no hardship in a preliminary
19 injunction that simply ensures Defendants do not fritter away the $93,723.02 that Mr. Collins has
20 essentially conceded he owes MACOM.[4] The Court also notes that, given Mr. Collins's concession,
21 he could easily stipulate to a judgment and then assert any rights he may have as a debtor in order to
22 continue to "earn a living and survive." Opp'n at 7.

---

[3] At the hearing, Mr. Collins also suggested that he given some leniency because he has shown that he is willing to participate in the Court process and undo his wrongs. Mr. Collins, however, cites no authority to show that this is a proper consideration for the Court. Moreover, the Court has concerns over how Mr. Collins has conducted himself in this litigation, as evidenced by its order modifying the TRO. *See* Docket No. 40 (Order at 5).

[4] ISS and/or Mr. Collins has returned $230,000 out of the total $324,823.65 that was wired to ISS.

The only issue remaining is whether MACOM should be required to post a bond for the preliminary injunction. *See* Fed. R. Civ. P. 65(c) (providing that a court may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained"). As MACOM points out, a "district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). The Court also notes that, here, Mr. Collins has not provided any evidence to support his claim of damages if an injunction were to be imposed. *See Language Line Servs. v. Language Servs. Assocs.*, 500 Fed. Appx. 678, 681 (9th Cir. 2012) (affirming district court's decision to deny defendant's request for a $50 million bond "[g]iven the lack of objective evidence of damages and the deferential nature of the abuse of discretion standard"). Indeed, Mr. Collins's brief does not even mention any damages to him at all, referring instead to what appears to be a completely unrelated matter involving a deed, "BEA," and "GOVAN." *See* Opp'n at 8 (asking the Court to "require BEA to provide a bond in the minimum amount of $58,000 ($35,000 plus interest at the legal rate from 1996 to the date of judgment) [to], at the very least, protect GOVAN from losing all of their [sic] interests in the Subject Property").

## II. <u>CONCLUSION</u>

For the foregoing reasons, the Court grants MACOM's motion for a preliminary injunction. The terms of the preliminary injunction are essentially the same as the terms of the original and supplemental TROs previously issued by the Court, with the exception that the sum of money at issue has been reduced to account for the money that Defendants have returned to MACOM. To wit:

(1) Defendants Integrated Semiconductor Service, Inc. and Steven L. Collins (the "Defendants") and their agents, assigns or anybody acting on their behalf or in concert with them, are enjoined and restrained from withdrawing, transferring, or encumbering any funds in any bank account belonging to Defendants to the extent such action causes there to be less than $93,723.02 in available funds. All bank accounts belonging to or controlled by Defendants on which Integrated Semiconductor Service, Inc. and/or Steven L. Collins is a signatory or

otherwise have withdrawal privileges are frozen in the amount of $93,723.02, and Defendants are prohibited from transferring, spending, encumbering, or otherwise disposing of the $93,723.02 belonging to MACOM.

(2) Defendants Integrated Semiconductor Service, Inc. and Steven L. Collins, and non-parties David Dunham and Vernon C. Goins, and their agents or anybody acting on their behalf or in concert with them, are ordered to turnover any cashier's checks in their possession, custody, or control drawn on Bank of America, the proceeds of such checks, or any other cash, checks, money orders, or other instrument or proceeds there from that constitute all or part of the $93,723.02 that is the subject of this Court's June 5, 2015 order, into the custody of the clerk of this Court at 450 Golden Gate Avenue, San Francisco, CA 94012. Each party that receives notice of this order must comply immediately with its terms, and no later than 48 hours after receiving notice.

IT IS SO ORDERED.

Dated: July 21, 2015

_____
EDWARD M. CHEN
United States District Judge